**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**ANDY FRANZUA MORALES ANDRADE,**

**Petitioner,**

**vs.** **Case No. 4:26cv336-MW-MAF**

**WARDEN, LIBERTY COUNTY JAIL,**

**Respondent.**

**_________________________________/**

## REPORT AND RECOMMENDATION

This case was initiated on July 15, 2026, with the filing of a *pro se* petition for writ of habeas corpus, ECF No. 1, filed pursuant to 28 U.S.C. § 2241. Petitioner challenged his ongoing detention by immigration officials, although he acknowledged that he had a bond hearing before an Immigration Judge on July 8, 2026. *Id.* at 3. Petitioner asked this Court to determine whether his "continued detention [was] consistent with the guarantees of due process under the Fifth Amendment and, if it [was] not, to grant such relief as the Constitution and the laws of the United States authorize." *Id.* at 5. In particular, Petitioner requested that the writ of

habeas corpus be issued if it was concluded that his detention did not comport with due process. *Id.* at 22.

Service was directed, ECF Nos. 5 and 8, and Respondent filed an answer, ECF No. 10, opposing the petition. On August 11, 2026, Petitioner filed a notice of address change, ECF No. 11, advising that he had been transferred from the Liberty County Jail to a facility in Louisiana. The notice indicated Petitioner was still detained under the direction of immigration officials and he requested an extension of time in which to respond to the Answer. *Id.* The motion was granted and, because Petitioner advised that he had not received the Answer prior to his transfer, the Clerk of Court was required to provide Petitioner with a copy of the answer, ECF No. 10, and its supporting documentation. ECF No. 12. Petitioner was given until August 31, 2026, to file the reply. *Id.*

Petitioner did not file a reply but, instead, a mail return was entered on the docket. ECF No. 14. The only information provided on the return was: “return to sender - not deliverable as addressed - unable to forward.” *Id.* at 1. Accordingly, Respondent was directed to clarify the status of Petitioner’s removal proceedings. ECF No. 15. That Order noted that this Court’s efforts to determine whether Petitioner had been transferred by

reviewing the Online Detainee Locator System web-page of the Immigration and Customs Enforcement website were unsuccessful. The search for Petitioner yielded "no results," suggesting to this Court that Petitioner may have already been removed. *Id.*

Respondent has now filed a "notice of voluntary departure and motion to dismiss as moot." ECF No. 16. Respondent has shown that Petitioner "applied for and was granted Voluntary Departure to Guatemala on July 28, 2026; a fact not known" by counsel "until moments ago." *Id.* at 1. Because Petitioner is no longer in custody, Respondent requests this case be dismissed.

Attached to the motion is an Order of the Immigration Judge dated July 28, 2026. ECF No. 16-1 at 1. The Judge granted Petitioner "pre-conclusion voluntary departure . . . in lieu of removal . . . ." *Id.* Another attachment shows Petitioner was "Released - Removed" on August 8, 2026. ECF No. 16-2 at 1. Therefore, it is recommended that the motion be granted as Petitioner has departed from the United States and is no longer detained in custody. He has, in fact, received all the relief which would have been available to him if the petition were granted - release from custody. At this point, there is no longer a case or controversy, and no

exception to the mootness doctrine exists. *See* ECF No. 16 at 2-3, this case should be dismissed.

It is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 16, be **GRANTED,** and this case be **DISMISSED as moot** because Petitioner has voluntarily departed from the United States.

**IN CHAMBERS** at Tallahassee, Florida, on October 6, 2026.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**